**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **RITA F. HARMON,** | ) | |
| | ) | |
|        **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. CIV-09-683-D |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner of Social Security** | ) | |
| **Administration,** | ) | |
| | ) | |
|        **Defendant.** | ) | |

### REPORT AND RECOMMENDATION

Rita F. Harmon ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405 (g) seeking judicial review of the Defendant Commissioner's final decision denying Plaintiff's applications for disability insurance benefits and supplemental security income payments under the Social Security Act. This matter has been referred to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Upon review of the pleadings, the record ("Tr.") and the parties' briefs, the undersigned recommends that the Commissioner's decision be reversed and the matter remanded for further proceedings.

### Administrative Proceedings

Plaintiff initiated these proceedings in February, 2007 by protectively filing applications seeking disability insurance benefits and supplemental security income payments, alleging that she suffers from primary biliary cirrhosis, neck problems, hepatitis C, fatigue, memory loss, and depression, all of which became disabling as of April 8, 2006

[Tr. 8, 22, 100 - 103, 104 - 106, and 144 ]. Plaintiff's claims were denied initially and upon reconsideration; at Plaintiff's request an Administrative Law Judge ("ALJ") conducted a January, 2009 hearing where Plaintiff, who was represented by counsel, and a vocational expert testified [Tr. 15 - 45and 68 - 70]. In her February, 2009 decision, the ALJ found that Plaintiff was able to perform her past relevant work and, accordingly, was not disabled within the meaning of the Social Security Act [Tr. 8 - 14]. The Appeals Council of the Social Security Administration declined Plaintiff's request for review [Tr. 1 - 3], and she subsequently sought review of the Commissioner's final decision in this court.

**Standard of Review**

This court is limited in its review of the Commissioner's final decision to a determination of whether the ALJ's factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citations and quotations omitted). Nonetheless, while this court can neither reweigh the evidence nor substitute its own judgment for that of the ALJ, the court's review is not superficial. "To find that the [Commissioner's] decision is supported by substantial evidence, there must be sufficient relevant evidence in the record that a reasonable person might deem adequate to support the ultimate conclusion." *Bernal v. Bowen,* 851 F.2d 297, 299 (10th Cir. 1988) (citation omitted). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* at 299.

2

**Determination of Disability**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C.§§423(d)(1)(A). The Commissioner applies a five-step inquiry to determine whether a claimant is disabled. *See* 20 C.F.R. §§404.1520(b)-(f), 416.920(b)-(f); *see also Williams v. Bowen*, 844 F.2d 748, 750-752 (10th Cir. 1988) (describing five steps in detail). Under this sequential procedure, Plaintiff bears the initial burden of proving that she has one or more severe impairments. 20 C.F.R. §§ 404.1512, 416.912; *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). Then, if Plaintiff makes a prima facie showing that she can no longer engage in prior work activity, the burden of proof shifts to the Commissioner to show that Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. *Turner*, 754 F.2d at 328; *Channel v. Heckler,* 747 F.2d 577, 579 (10th Cir. 1984).

**Plaintiff's Claims of Error**

Plaintiff's first claim of error – and the error on which the undersigned's remand recommendation is grounded – is that "[t]he ALJ failed to perform a proper determination at step 4 of the sequential evaluation process." [Doc. No. 15, p. 2]. The undersigned has not addressed Plaintiff's remaining claim that the ALJ erred in making her credibility assessment, an assessment based on the objective and subjective evidence as presented to this

ALJ. The adjudicator's assessment on remand will necessarily be impacted by the evidence and testimony presented in proceedings before that adjudicator.

**Analysis**

Plaintiff's specific claim of error in connection with the ALJ's analysis at step four of the sequential evaluation is that "[t]he ALJ did not perform the required three-phase *Winfrey* analysis required in a step 4 determination." [Doc. No. 15, p. 2]. In advancing this argument, Plaintiff is referencing the following holding by the Tenth Circuit:

> Step four of the sequential analysis, at which the ALJ found [the claimant] not disabled, is comprised of three phases. In the first phase, the ALJ must evaluate a claimant's physical and mental residual functional capacity (RFC), *see* SSR 86-8, Soc. Sec. Rep. Serv., Rulings 1983-1991, 423, 427 (West 1992), and in the second phase, he must determine the physical and mental demands of the claimant's past relevant work. 20 C.F.R. § 404.1520(e). In the final phase, the ALJ determines whether the claimant has the ability to meet the job demands found in phase two despite the mental and/or physical limitations found in phase one. *See* SSR 82-62, Soc. Sec. Rep. Serv., Rulings 1975-1982, 809; *Henrie v. United States Dep't of Health & Human Servs.*, 13 F.3d 359, 361 (10th Cir.1993). At each of these phases, the ALJ must make specific findings. *See Henrie*, 13 F.3d at 361.

*Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). Thus, although it remains Plaintiff's burden at step four to prove her inability to return to her particular former job and to her former occupation as that occupation is generally performed throughout the national economy, *see Andrade v. Secretary of Health and Human Services*, 985 F.2d 1045, 1051 (10th Cir. 1993), the administrative law judge has a duty "of inquiry and factual development." *Henrie,* 13 F.3d at 361.

4

Plaintiff concedes [Doc. No. 15, p. 2] that the ALJ properly performed the first phase of the step four analysis by assessing Plaintiff's residual functional capacity ("RFC")[1] in the following manner:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform less than the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). She can lift/carry 20 pounds occasionally or 10 pounds frequently. The claimant can stand/walk or sit for 6 hours during an 8-hour workday. She can work in environments with moderate noise level. She is able to relate to coworkers, supervisors, and the public on a superficial basis. She can perform simple and some complex tasks. She can adapt to a work situation.

[Tr. 12]. Plaintiff maintains, however, that the ALJ failed at phase two of step four to specifically "determine the mental demands" of Plaintiff's past relevant work [Doc. No. 15, p. 2], and further failed at phase three to determine with specificity if Plaintiff has the ability to meet the job demands found in phase two despite the limitations found in phase one. *Id.*

The ALJ's complete phase two and three findings are as follows:

> **The claimant is capable of performing past relevant work as a data entry clerk. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).**
>
> The vocational expert was asked to define "moderate noise" from the claimant's residual functional capacity. The expert explained that such noise is occasional. It was not as quiet as a library but also not at the level of factory noise. It was compared to the noise produced by typewriters and normal conversation. The vocational expert believed the claimant could return to her past relevant work as a date entry clerk with this limitation to moderate noise.

---

[1]Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

> In comparing the claimant's residual functional capacity with the physical and mental demands of this work, I find that the claimant is able to perform it as actually and generally performed.

[Tr. 14, bolding in original]. Without demonstrating how the foregoing constitutes the "specific findings"required both by *Winfrey,* 92 F.3d at 1023, and the Social Security ruling interpreted by that decision,[2] Social Security Ruling ("SSR") 82-62, 1982 WL 31386,at * 4, the Commissioner contends that the ALJ performed a proper *Winfrey* analysis based on her questioning of the vocational expert [Doc. No. 16, p. 5]. Specifically, the Commissioner argues that

> [t]he ALJ asked the vocational expert to describe Plaintiff's past relevant work, which the vocational expert did in terms of job title, skill level, and exertion level (Tr. 40 -42). The ALJ then asked the vocational expert if a person with a residual functional capacity consistent with Plaintiff's could perform Plaintiff's past relevant work (Tr. 40 -42). The vocational expert said such a person could perform Plaintiff's past relevant work as a data entry clerk (Tr. 40 - 42). Plaintiff has failed to demonstrate why the ALJ's inquiry into her past work, the vocational expert's testimony regarding her past work, and the ALJ's resulting findings do not satisfy the dictates of *Winfrey.*

*Id.* In short, the Commissioner is arguing that it is legally sufficient for an ALJ to question a vocational expert about Plaintiff's past relevant work, to obtain the expert's opinion on whether an individual with the claimant's limitations could perform that past work, and to conclude that, after making a comparison between past work demands and current limitations, the claimant could perform that work. As authority for his argument, the

---

[2]Citing to SSR 82-62, the *Winfrey* court specifically observed that "the [Commissioner's] own rule dictates that the ALJ make the necessary findings at phases two and three of the step four inquiry." *Winfrey,* 92 F.3d at 1024.

Commissioner relies upon a statement made by the Tenth Circuit in a unpublished opinion that "[o]ur holding in *Winfrey* . . . is not designed to needlessly constrain ALJs by setting up numerous procedural hurdles that block the ultimate goal of determining disability." *Westbrook v. Massanari,* 26 Fed. Appx. 897, 903 (10th Cir. Feb. 8, 2002). [Doc. No. 16, p. 5].

By decision published the year following the *Westbrook* decision, the Tenth Circuit addressed a claim "that the ALJ simply relied on the opinion of the vocational expert (VE) as to the demands of her past relevant work, without making the proper findings required by the remaining phases of the analysis." *Doyal v. Barnhart,* 331 F.3d 758, 761 (10th Cir. 2003).³ In distinguishing the facts from those in *Winfrey,* the court determined as follows:

> It is improper for an ALJ to make RFC findings and then to delegate the remaining phases of the step four analysis to the vocational expert, because in such cases, "the remainder of the step four assessment takes place in the VE's head" and "we are left with nothing to review." *Winfrey,* 93 F.3d at 1025. That is not what occurred here, however. The ALJ did not delegate the analysis to the vocational expert; instead he quoted the VE's testimony

---

³The ALJ's decision in *Doyal* provided as follows:

The impartial vocational expert offered testimony indicating that given her particular residual functional capacity, the claimant can perform past relevant work. The vocational expert added that there is no variance between the description of these jobs found in the *Dictionary of Occupational Titles* and the claimant's residual functional capacity (S.S.R. 00 - 4p). Because Ms. Doyal's past relevant work did not require the performance of work activities precluded by her medically determinable impairments, I conclude that she is able to perform her past relevant work as a housecleaner and sewing machine operator.

*Doyal,* 331 F.3d at 761.

7

approvingly, in support of his own findings at phases two and three of the analysis. There was nothing improper about this. An "ALJ may rely on information supplied by the VE at step four." *Id.*

*Id.*

Thus, contrary to the Commissioner's assertion that it is enough for the ALJ to make inquiry of the vocational expert about Plaintiff's past relevant work and to question if a person with Plaintiff's RFC could perform that past work [Doc. No. 16, p. 5], the ALJ's decision must reflect her reliance on the specific information provided by the vocational expert. Here, the ALJ "quoted the VE's testimony approvingly," *Doyal,* 331 F.3d at 761, *only* with regard to the moderate noise restriction contained in Plaintiff's RFC [Tr. 14]. There is no indication in the ALJ's decision that she relied upon *any* other "information supplied by the VE at step four." *Winfrey,* 92 F.3d at 1025. Under Tenth Circuit law, there is no doubt that the ALJ is entitled to rely on the expert testimony of the vocational expert at step four, but neither is there a doubt that the ALJ's decision must reflect that reliance[4] where specific fact-finding as to the demands of Plaintiff's past relevant work is required. Accordingly, the ALJ's decision is legally deficient under both *Winfrey* and SSR 82-62, and

---

[4]And, of course, that reliance must be legitimate. Here, in fact, there was very little upon which the ALJ could have relied. The vocational expert's only specific direct testimony about the mental demands of Plaintiff's work as a data entry clerk was that it was semi-skilled [Tr. 40]. No additional information was contained in the information completed by Plaintiff in conjunction with her initial Social Security claims [Tr. 129]. In the absence of the ALJ's stated reliance on the testimony, however, it is not necessary to address the sufficiency of such testimony.

8

remand is required. *See generally O'Dell v.Astrue* , ____ F.Supp.2d ____, 2009 WL 4827074, 148 Soc. Sec. Rep. Serv. 76 (D. Kan. Dec. 11, 2009).

## **RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT**

For the foregoing reasons, the undersigned recommends that the Commissioner's decision be reversed and the matter remanded for further proceedings.

The parties are advised of their right to object to this Report and Recommendation by March 17, 2010, in accordance with 28 U.S.C. §636 and Fed. R. Civ. P. 72. The parties are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 25th day of February, 2010.

_____
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE